In The United States District Court
For The District Of Colorado

Civil Action No:_____

Mr. Bill Guinn'        '10 – CV – 00827-WYD-CBS
    Plaintiff,
Vs.

Unknown Lakewood Police Officers,
Lakewood Police Department,
Nancy Hooper, Jefferson County Deputy District Attorney,
Jefferson County District Attorney's Office,
Jeff Gillio, Jefferson County Assistant Public Defender,
Jefferson County Public Defender's Office,
Angela Jorgenson, Jefferson County Probation Officer,
Jefferson County Probation Department,
Phillip McNulty, Jefferson County District Court Judge,
Judge Arp, Jefferson County District Court Judge,
Jefferson County Combined Court's,
Unknown Judiciary Officers,
    Defendants'.

---

## 42 U. S. C. A. § 1983 COMPLAINT

---

### Nature Of The Case

Plaintiff (plaint), pro-se, and pursuant to 42 U. S. C. A. § 1983 and 42 U. S. C. A. § 1985 (conspiracy to deprive plaint of fund. const. rights and privileges) submits this civil complaint to the United States Courts, and for the grounds thereof states as follows:

# TABLE OF CONTENTS

NATURE OF THE CASE ................................................................................................ 1

A. PARTIES ................................................................................................................... 3

B. JURISDICTION ........................................................................................................ 5

C. BACKGROUND OF THE CASE ............................................................................. 5

D. CAUSE OF ACTION ............................................................................................... 7

   CLAIM ONE: (4TH AMENDMENT ALLEGATION) .................................................. 7

      SUPPORTING FACTS: ....................................................................................... 7

   CLAIM TWO: (5TH AMENDMENT ALLEGATION): ................................................ 11

      SUPPORTING FACTS: ..................................................................................... 12

   CLAIM THREE: (6TH AMENDMENT ALLEGATION) ............................................ 12

      SUPPORTING FACTS: ..................................................................................... 12

   CLAIM FOUR: (8TH AMENDMENT ALLEGATION) ............................................. 13

      SUPPORTING FACTS: ..................................................................................... 13

   CLAIM FIVE: (14TH AMENDMENT ALLEGATION) ............................................. 13

      SUPPORTING FACTS: ..................................................................................... 13

RELIEF ........................................................................................................................... 14

CERTIFICATE OF MAILING ....................................................................................... 20

## A. PARTIES

Plaintiff (plaint), Mr. Bill Guinn was confined in Jefferson County Detention Facility (Jeffco. Jail) at all times relevant to these claims. Plaint was released from custody Jan. 26, 2010. **Address:** P. O. Box 181242, Denver, CO. 80218.

(1) Defendants' (defs'), Unknown Lakewood Police Officers, were acting under color of state law at the time of these claims. **Address:** Lakewood Police Department, 445 S. Allison Parkway, Lakewood, CO. 80226.

(2) Def., Lakewood Police Department (Lakewood Police Dept.) was acting under of color of state law at time of these claims. Def., is named within this complaint as a liable municipal government entity. **Address:** Lakewood Police Department, 445 S. Allison Parkway, Lakewood, CO. 80226.

(3) Def., Nancy Hooper, Jeffco. Assistant District Attorney - (Dist. Atty. Hooper) was acting under color of state law at time of these claims. **Address:** Jeffco. District Attorney's Office, 500 Jefferson County Parkway, Golden, CO.80401.

(4) Def., Jeffco. District Attorney's Office (Jeffco. Dist. Atty's- Office) was acting under color of state law at time of these claims. Def is named as a liable government municipal entity within this complaint **Address:** Jeffco. District Attorney's Office, 500 Jefferson County Parkway, Golden, CO.80401.

(5) Def., Jeff Gillio (Pub. Def. Gillio), was acting under color of state law at time of these claims. **Address:** State Public Defender's- Office, 580 Golden Ridge Road, Suite 100, Golden, CO, 80410.

(6) Def., Jeffco. Public Defender's Office (Jeffco. Pub. Def's-Office) was acting under color of state law at time of these claims. Def is named as a liable municipal government entity within this complaint. **Address:** Office Of The State Public Defender, 580 Golden Ridge Road, Suite 100, Golden, CO, 80410.

(7) Def., Angela Jorgenson, Jeffco. Probation Officer (Prob. Officer-Jorgenson) was acting under color of state law at time of these claims. **Address:** Jeffco. Probation Dept., 100 Jefferson County Parkway, Golden, CO. 80401, Suite 2070.

(8) Def., Jeffco. Probation Department (Jeffco. Prob. Dept.) was acting under color of state law at time of these claims. Def is named as a liable municipal government entity within this complaint. **Address:** Jeffco. Probation Dept., 100 Jefferson County Parkway, Golden, CO. 80401, Suite 2070.

(9) Def., Colo. District Court Judge, Phillip McNulty (Dist. Crt.-Judge McNulty), was acting under color of state law at time of these claims. **Address:** Jeffco. Courthouse, 100 Jefferson County Parkway, Golden, Co. 80401.

(10) Def., Colo. District Court Judge Arp (Dist. Crt. Judge Arp), was acting under color of state law at time of these claims. **Address:** Jeffco. Courthouse, 100 Jefferson County Parkway, Golden, Co. 80401.

(11) Def., Jefferson County Combined Courts (Jeffco. Comb. Courts) was acting under color of state law at time of these claims. Def is named as a liable municipal government entity within this complaint **Address:** Jeffco. Courthouse, 100 Jefferson County Parkway, Golden, Co. 80401.

(12) Def., Unknown Judiciary Officers, were acting under color of law at time of these claims. **Address:** unknown.

## B. JURISDICTION

1. I assert jurisdiction over my civil rights claims pursuant to:
    28 U. S. C. A. 1343;
    28 U. S. C. A. 1331;
    42 U. S. C. A. 1983;
    42 U. S. C. A. 1985.

## C. BACKGROUND OF THE CASE

Dec. 6, 2007 plaint was arrested by Defs', Unknown Lakewood Police-Officers'. These defs' charged plaint with the following offenses:

**Menacing With A Deadly Weapon**, C. R. S., 18-3-206(1)(a)(b)(F5);

**Neglect Of An At-Risk Victim**, C. R. S., 18-6.5-103(6)(M1).

Upon arrest Defs', Unknown Lakewood Police Officers' imprisoned plaint in Jeffco. Jail where he remained for 782 days. Plaint was released from custody Jan. 26, 2010.

Approximately Jan.-2008 (exact date unknown) plaint attended an Advisement Court Hearing. Within this court hearing an Unknown Jeffco. Judge advised plaint that Def, Dist. Atty. Hooper, acting as representative of Def, Jeffco. Dist. Atty's Office had officially approved the filing of two above named criminal charges against him.

Jan. 18, 2008 plaint attended a Preliminary Hearing in Jeffco. Courts, Div. A.. Def., Dist. Crt. Judge Arp denied plaint's motion to dismiss above named charges, and scheduled his case for trial.

July 18, 2008 Def., Pub. Def. Gillio, acting as representative of Def., Jeffco. Pub. Def's Office advised plaint he would benefit by entering into a plea bargain arrangement approved by Def., Jeffco. Dist. Atty's Office. Pursuant to this plea bargain arrangement, Def., Dist. Atty. Hooper agreed to dismiss plaint's pending felony menacing charge if he entered a guilty plea with the court to two pending misdemeanor charges of Neglect Of An At-Risk Victim And Violation Of A Protection Order. Plaint entered guilty

5

pleas with the court to these misdemeanor offenses, acting pursuant to the advice of Def., Pub. Def., Gillio.

Aug. 18, 2008 Def., Dist. Crt. Judge, McNulty, acting on behalf of Def., Jeffco. Comb. Crt's accepted plaint's guilty pleas entered with the court to above named misdemeanor offenses. Def., Dist. Crt. Judge McNulty imposed two consecutive 18 month county jail confinement sentences upon plaint for these misdemeanor offenses.

Dec. 1, 2009 plaint submitted a C. R. C. P., Rule 35(c) Motion-For Postconviction Relief petitioning the court to vacate the two consecutive 18 month sentences it imposed upon him for above named misdemeanor offenses. Plaint alleges these sentences are unconstitutional because his activities which gave rise to the filing of these criminal charges against him do not meet the elements of these offenses. Because of this, plaint contends the court lost subject matter jurisdiction over this case at the time he erroneously entered into said plea agreement with Def., Jeffco. Dist. Atty's Office. Plaint alleges this invalidated his guilty pleas entered with the court in this case, and the court must vacate the two consecutive 18 month sentences it imposed upon him for above named misdemeanor offenses.

Dec. 3, 2009 Def., Dist. Crt. Judge McNulty denied plaint's Motion For Postconviction Relief unlawfully determining the definition of an at-risk adult is "any person 60 years of age or older who is 'not afflicted with a disability.'"

Dec. 23, 2009 plaint submitted an Objection To Denial Of Motion For Postconviction Relief to the court alleging Def., Dist. Crt. Judge McNulty abused his discretion by determining "the legal definition of an at-risk adult is any person 60 years of age or older who is not afflicted with a disability." Plaint's Objection establishes that pursuant to precedent law the legal definition of "an at-risk adult is any person 18 years of age or older who is afflicted with a disability."

6

## D. CAUSE OF ACTION

**CLAIM ONE:**

Plaint alleges defs' deprived him of his well established fundamental (fund.) 4th amendment (amend.) constitutional (const.)-right to be protected against illegal seizure of his person, i. e. unlawful false arrest and imprisonment, as a result of the claims of this complaint

**SUPPORTING FACTS:**

Plaint alleges, Defs', Unknown Lakewood Police Officers', Jeffco. Dist. Atty's Office, and Jeffco. Comb. Court's, et al, capriciously and arbitrarily arrested him for, convicted him of, and falsely imprisoned him for the offenses of Menacing With A Deadly Weapon-C. R. S., 18-3-206(1)(a)(b)[F5], and Neglect Of An At-Risk-Victim-C. R. S.,18-6.5-103(6) [M1], in violation of his 4th amend. const. rights. Plaint alleges defs' instituted legal process against him in this case, capriciously and arbitrarily, when they charged him with these criminal offenses without first possessing the proper due process of law authorizing them to file these criminal charges against him. Because of this, plaint alleges defs' are not authorized by law to charge him with, convict him of, or imprison him for these criminal offenses. Plaint alleges his alleged acts, deeds, and activities which gave rise to the filing of these criminal charges against him do not meet the elements of these offenses, in violation of his 4th amend. const. rights, and the statutory elemental mandates of these criminal offenses:

> **C. R. S., §18-3-206. Menacing (1)** provides, "*A person commits the crime of menacing if, by any threat or physical action, he or she knowingly places or attempts to place another person in fear of imminent serious bodily injury. Menacing is a class 3*

7

*misdemeanor, but it is a class 5 felony if committed:(a) By the use of a deadly weapon or any article used or fashioned in a manner to cause a person to reasonably believe that the article is a deadly weapon."* [Defs' allege plaint menaced his victim by using his hands as deadly weapons. Plaint's alleged menacing victim was not injured in anyway. Victim actual injury is an element of the offense of menacing by using hands as a deadly weapon. Precedent law mandates "hands may be deemed deadly weapons only if they are used 'forcibly' to cause actual victim injury." People v. Ross, 831 P. 2d 1310 (1992) at 1313 [19]. Because of this, plaint alleges he is not guilty of this element of the offense of menacing with a deadly weapon, and defs' are not legally authorized to charge him with, convict him of, or imprison him for this offense];

**C. R. S., §18-6.5-103(6) Neglect Of An At-Risk Victim**, provides *"Any person who knowingly neglects an at-risk adult or an at-risk juvenile or knowingly acts in a manner likely to be injurious to the physical or mental welfare of an at-risk adult or an at-risk juvenile commits a class 1 misdemeanor."* [An element of this neglect offense is alleged victim must be an at-risk adult or juvenile, i. e. a "person who is afflicted with a disability." The victim of plaint's alleged neglect offense is not an at-risk victim because she is not a disabled person. Because of this, plaint contends he is not guilty of this mandated statutory element of the offense of neglect of an at-risk victim, and defs' are not legally authorized to charge him with, convict him of, or imprison him for this offense.

Plaint alleges defs capriciously and arbitrarily charged him with felony menacing with evil intent to coerce him into pleading guilty to the offense of neglect of an at-risk victim. If plaint was convicted of felony menacing the court can impose a three year

8

prison sentence upon him. Upon pleading guilty to the class one misdemeanor neglect offense, plaint avoids the possibility of serving three years incarcerated in a prison.  The misdemeanor neglect offense plaint ultimately pled guilty to provides a maximum extreme duration 18 month county jail sentence, it is the most serious misdemeanor offense chargeable which provides the longest misdemeanor jail term possible.  If defs' did not charge plaint with the felony menacing offense, they would have been forced to offer him a plea bargain arrangement which reduced the class one misdemeanor offense to a class two or three misdemeanor offense which provides maximum jail sentences of only six to twelve months. In order to ensure that plaint remained incarcerated for as long as possible it was necessary that defs' convict him of a class one misdemeanor offense.  Plaint alleges defs' willfully, egregiously misused the legal proceeding and process involved with this case when they made an agreed upon conspiratorial concerted effort together to, maliciously prosecute him by capriciously and arbitrarily imposing an unlawfully extended long-term county jail confinement sentence upon him for above named offenses based upon fabricated evidence.  Plaint alleges defs' motive for maliciously prosecuting him is to capriciously and arbitrarily punish him for his 23 year old criminal background, i. e. criminal record by falsely imprisoning him for as long as possible for above named offense convictions.

　　　Plaint alleges defs' conspired together to maliciously prosecute him, falsely imprison him, and deprive him of his 4th amend. const. rights when they willfully misused the investigatory, prosecutorial, and judicial proceedings involved with this case by capriciously and arbitrarily arresting him for, convicting him of, and imprisoning him for above named offenses. Plaint alleges these indictments are capriciously and arbitrarily based upon fabricated evidence, i. e. false, distorted, and perjurious testimony that defs' presented to investigatory,

9

prosecutorial, and judicial forums for the purpose of unlawfully extending the duration of his false imprisonment upon conviction of named offenses.

Plaint alleges defs' are guilty of outrageous government conduct because they willfully misused the investigatory, prosecutorial, and judicial procedures and process of this case with intent to cause him to suffer severe emotional distress as a result of falsely imprisoning him for 782 days for above named criminal offenses he did not commit.

Plaint alleges defs' deprived him of a fund. const. based 4th amend. liberty interest when they falsely arrested and imprisoned him for above named offenses. This liberty interest guarantees that plaint will not be falsely detained, convicted or imprisoned without first receiving State's provision of proper due process and equal protection of the laws. This liberty interest entitlement mandates that prior to convicting and imprisoning plaint for above named offenses, defs' must first establish he is guilty of violating each statutory element of the offenses they have charged him with. Plaint contends defs' deprived him of this liberty interest when they maliciously prosecuted him by capriciously and arbitrarily arresting him for, convicting him of, and falsely imprisoning him for above named offense convictions. Plaint alleges defs' deprived him of a fund. const. based 4th amend. property interest. This property interest mandates defs' cannot imprison plaint and deprive him of a financially progressive life style without first providing him with proper due process and equal protection of the laws. This property interest guarantees that plaint will not be capriciously, and arbitrarily imprisoned and deprived of the right to earn an annual income, accumulate bank credit, progressive equities, annuities and interests on investments through gainful employment and/or business investments opportunities available in the free world without first receiving State's provision of proper due process and equal protection of the laws. Plaint contends defs'

10

deprived him of these fund liberty and property interests when they egregiously, maliciously prosecuted him by falsely convicting him of above named offenses and falsely imprisoning him for 782 days in Jeffco. Jail. Malicious prosecution claims are actionable under § 1983 when they allege unconstitutional loss of status caused by false incarceration. Albright v. Oliver, 510 U. S. 266 (1994) at 269(2).

Plaint alleges Defs', Prob. Officer Jorgensen, and Jeffco. Probation Dept. also conspired with defs' to falsely imprison him. Plaint alleges these defs' provided the court with false and misleading information within their pre-sentence report which states plaint has an assaultive criminal background. This statement is false. Plaint has never been officially charged with, or convicted of the crime of assault. This false information provided the court with grounds to impose the maximum 18 month consecutive sentences upon plaint for above named fabricated offense convictions. Prior to his Sentencing Court Hearing, plaint asked Def, Prob. Officer Jorgenson through correspondence to remove this false information from her pre-sentence report. Def, Prob. Officer Jorgenson failed to remove this false information from her pre-sentence report claiming she did not have correction opportunity because she had already mailed her report to the court. Also, plaint asked his attorney, Def, Pub. Def. Gillio to set the record straight in court at his Sentencing Hearing by advising the judge that the probation department and Def, Dist. Atty. Hooper falsely stated that he had an assaultive background. Def, Pub. Def. Gillio failed to correct this false information during plaint's sentencing hearing.

**CLAIM TWO:**

Plaint alleges defs' deprived him of his well established fund. 5th amend. due process const. rights when they capriciously and arbitrarily maliciously prosecuted him and falsely imprisoned him

11

for above named offenses, as a result of the claims of this complaint.

**SUPPORTING FACTS:**

Plaint incorporates his Claim One Supporting Fact argument here as his Claim Two Supporting Fact argument. Plaint also incorporates his Claim One Supporting Fact argument pertaining to liberty and property interest entitlements and violations here as his Claim Two Supporting Fact argument pertaining to his const. based 5th amend. due process liberty and property interest entitlements and violations which occurred as a result of the claims of this complaint.

**CLAIM THREE:**

Plaint alleges defs' deprived him of his well established fund. 6th amend. const. right to a fair trial, and effective assistance of counsel.

**SUPPORTING FACTS:**

Plaint incorporates his Claim One Supporting Fact argument here as his Claim Three Supporting Fact argument.

Plaint alleges Defs', Public Def, Gillio, and Jeffco. Pub. Def's Office failed to provide him with effective assistance of counsel and a fair trial when they capriciously advised him to enter into the arbitrary plea bargain arrangement that Def, Jeffco. Dist. Attrny's Office created and approved. Plaint alleges Defs', Gillio, and Jeffco. Pub. Def's Office misrepresented him when they capriciously and arbitrarily advised him to enter into said capricious and arbitrary plea bargain arrangement with Jeffco. Dist. Atty's Office by entering an unlawful guilty plea with the court for above named offenses. This caused

plaint's 782 day false imprisonment in Jeffco. Jail for above named offense convictions. Because of this, plaint contends defs' deprived him of a fair trial and effective assistance of counsel in this case.

**CLAIM FOUR:**

Plaint alleges defs' deprived him of his well established 8th amend. const. right to be protected against imposition of cruel and unusual punishments.

**SUPPORTING FACTS:**

Plaint incorporates his Claim One Supporting Fact argument here as his Claim Four Supporting Fact argument.

Plaint alleges defs' subjected him to 782 days of cruel and unusual punishment when they capriciously and arbitrarily convicted him of, and falsely imprisoned him for criminal offenses he did not commit, i. e. above named offenses. Plaint contends defs' subjected him to reckless and actual intent, deliberate indifferent, and outrageous government conduct which violated his named well established const. rights when they maliciously prosecuted him by falsely imprisoning him for 782 days.

**Claim Five:**

Plaint alleges defs' deprived him of his well established fund. 14th amend. due process, equal protection const. rights which entitle him to State's provision of proper due process and a fair trial, prior to convicting and imprisoning him for above named offenses, as a result of the claims of this complaint.

**SUPPORTING FACTS:**

13

Plaint incorporates his Claim One Supporting Fact argument here as his Claim Five Supporting Fact argument. Plaint also incorporates his Claim One Supporting Fact argument pertaining to liberty and property interest entitlements and violations here as his Claim Five Supporting Fact argument pertaining to his const.-based 14th amend. due process, equal protection liberty and property interest entitlements and violations which occurred as a result of the claims of this complaint.

**RELIEF**

Plaint asks the court to award him $ 100,000.000.00- [one hundred million dollars] in pecuniary damages to compensate him for the irreparable injuries defs' caused him to suffer, as a result of the claims of this complaint

Plaint asks the court to impose compensatory, non-economical, and exemplary punitive damages upon defs' because they, egregiously, and maliciously prosecuted him when they capriciously and arbitrarily, willfully misused the legal processes and proceedings involved with this case with intent to cause him to suffer extreme emotional distress by falsely imprisoning him in Jeffco. Jail for 782 days, in violation of his well established fund. 4th, 5th, 6th, 8th, and $14^{th-}$ amend. const. rights. Plaint is entitled to award of exemplary punitive damages because defs' outrageous official government misconduct was willful, wanton, and recklessly deliberate indifferent, in violation of his well established
fund const. rights, privileges, and immunities.

Plaint asks the court to impose above damages upon defs' in their personal capacity, and official capacities as municipal policy makers who possess authority to act, whose official acts, edicts, and customs caused violation of his well established
fund. const. rights, as a result of the claims of this complaint. Plaint alleges defs' brought municipal liability upon themselves by capriciously, and arbitrarily acting outside the scope of their

14

authority and official capacities in violation of his well established const. rights, as a result of the claims of this complaint. Because of this, plaint asks the court to impose municipal liability upon Defs', Lakewood Police Dept., Jeffco. Dist. Atty's Office, Jeffco. Pub. Def's Office, Jeffco. Prob. Dept., and Jeffco. Comb. Courts as separate and distinct government entities' whose policy makers' willfully violated his well established fund. const. rights, as a result of the claims of this complaint.

    Plaint asks the court to ORDER defs' to compensate him for all expenses he incurred as a result of his unlawful arrest, false imprisonment and the filing this complaint with the courts.

    Plaint asks the court to impose compensatory damages upon defs' ORDERING them to repay him for his lost wages, lost bank credit, lost time on the job (work history), business profits and annuities that he would have earned and accumulated through gainful employment or business investment opportunities he would have been involved with during the 782 days defs' unlawfully imprisoned him in Jeffco Jail. Plaint asks the court to add 10% annual compounding pre-judgment interest to the value of this lost wage, business and investment profit loss values and legal expense compensation damage award to indemnify him for his loss of earnings on these monies due to the delayed re-payment thereof.

    Plaint asks the court to ORDER defs' to compensate him for the defamation of character he suffered as a result of the claims of this complaint Defs' damaged plaint's public reputation by falsely publicly convicting him of, and imprisoning him for above named offenses. The recent documented false arrest reports and convictions for these offenses defs' entered upon plaint's criminal record will prevent future business partners and/or potential employers from providing plaint with future gainful business and/or employment opportunities. These recent documented false convictions will cause plaint's future potential business partners and/or

15

employers to wrongfully believe he is an undesirable partner and/or employee, or person of ill repute in general, who cannot be trusted.

Plaint asks the court to ORDER defs' to compensate him for the mental pain and emotional distress he suffered during the 782 days of false imprisoned they subjected him to in Jeffco. Jail. During this time defs' subjected plaint to extreme mental pain because he suffered impairment and loss of quality of life, extreme grief, worry, disappointment, anger, severe fright, extreme embarrassment, humiliation, indignation, and general extreme inconvenience as a result of his false imprisonment:

**Loss Of Quality Of Life;** Defs' caused plaint to suffer loss of quality of life when they falsely imprisoned him in Jeffco. Jail, i. e. loss of general freedom, choice of occupation and associates, foods, clothing, social activities, consortium etc, etc.. Defs' caused plaint to suffer loss of privacy while bathing, using the toilet and sleeping as a result of the claims of this complaint;

**Extreme Grief, Worry, Disappointment, and Anger;** Plaint's mother died while he was unlawfully imprisoned. This caused plaint to suffer extreme grief because he cannot reconcile with his mother after their argument as he had planned because of her death. Defs' caused plaint to suffer extreme grief by preventing him from reconciling with his mother after their argument, and sharing the last 13 months of his mother's life with her, as a result of the claims of this complaint.

Defs' caused plaint to suffer extreme grief and loss of quality of life when his facial skin wrinkled and his hair turned gray during the 782 days they falsely imprisoned him. Plaint was 48 years old when defs' falsely imprisoned him. Plaint was 50 years old when they finally released him from custody. During this time plaint's skin and hair aged noticeably causing him to lose quality of life because his appearance is less spousal appealing caused by obvious aging at this time in his life. Plaint has not been married or had children yet during his lifetime. At plaint's age, these

16

years of his life are very important to him for marriage and reproductive reasons. Men can lose their ability to reproduce at plaint's age. The two years plus plaint was falsely incarcerated could have prevented him from having children due to his age. Plaint probably would have married and had children during the time he was falsely imprisoned if he had been a free man. Defs' caused plaint to suffer extreme grief and physical discomfort because he was forced to go without the company of women, "loss of consortium," during the 782 days they falsely imprisoned him. Plaint was extremely angry and disappointed that defs' have taken 782 days of his life from him illegally, capriciously, and arbitrarily as a result of the claims of this complaint;

    Defs' caused plaint to suffer extreme fright during his false imprisonment. Paint was imprisoned with young violent men that threatened to attack and assault him during his false incarceration. This terrified plaint. Because of this, Nov-2009 plaint was forced to transfer into the Protective Custody Isolation Unit at Jeffco. Jail in order to protect himself by removing himself from the jail general population thereby preventing these young men from assaulting him because they are no longer able to gain access to him. These aggressive young men are gang members who also threatened to poison plaint's food during the meal preparation and delivery process. They placed a rock in his food tray and caused him to break his tooth while eating breakfast one morning. Plaint asks the court to ORDER defs' to repay him the value of his dental bill for repairing his broken tooth, caused by the claims of this complaint. Plaint suffered extreme fright caused by worry for his general health and well being during the 782 days defs' falsely imprisoned him. Plaint suffered extreme weight loss caused by the emotional distress and mental pain he suffered as a result of his false incarceration. Plaint was placed on a special diet while incarcerated in order to save his life. He weighed only 138 pounds appx. six months after defs' falsely imprisoned him in Jeffco. Jail.

17

This is extreme life threatening weight loss. Plaint was 48 years old, 6 feet two inches tall, he weighed appx. 180 lbs when he was arrested. Plaint was 40 lbs under weight six months later. This extreme malnutrition could have caused plaint's death. In order to save plaint's life Jeffco. Jail medical administrators were forced to place him on an "enhanced nutrition special diet" that included additional calories to enable plaint to maintain a body weight that was not endangering his life. Plaint was terrified for his life, health and general well being because of the dangerous weight loss he suffered during the 782 days of his false imprisonment. During his false imprisonment, plaint was exposed to large numbers of prisoners who are infected with deadly incurable dieses,
i. e. H1N1-Flu virus, Aides and Hepatitis, and the extreme risk of contracting these dieses from these prisoners. Defs' forced plaint to share common bathing, toilet, sink, and sleeping areas with these contagious prisoners, subjecting him to a high risk of contracting these deadly incurable dieses and the extreme fright caused by this possibility. Plaint alleges most of the prisoners confined in Jeffco Jail are contagious because they are infected with these diseases. These prisoners are high risk disease carriers because they are associated with illegal drugs, intravenous drug use, prostitution, sex crimes and other high risk disease carriers and occupations. Plaint does not commonly associate with criminals and high risk disease carriers in the free world. Plaint does not use illegal drugs and he is not promiscuous. He is not infected with Aides or Hepatitis-B. Plaint was terrified during his false incarceration due to the possibility that he might contract a deadly incurable disease while defs' forced him to live in close proximity with these prisoners;

**Extreme Humiliation And Embarrassment:** Defs' publically falsely accused plaint of committing crimes he is not guilty of committing. This publicly embarrassed plaint.. Defs' embarrassed plaint when they publicly claimed he had injured his mother in some way, or

18

abused a disabled mother.  Defs' embarrassed plaint when they forced him to perform menial labor during his false incarceration in the jail laundry and kitchen in order to earn good time credits and early jail release opportunities.  Each day after work Jeffco Jail guards embarrassed plaint when they forced him to remove all of his clothing publicly, lean his body forward and spread his buttocks, i. e. gluteus maximus muscles apart with his hands allowing a guard to visually examine his rectal opening while performing a strip search.  Def's publicly embarrassed plaint when they forced him to wear an ill fitting bright orange jail uniform while he was consulting with his lawyer regarding his pending insurance claim, and during visitation sessions with other persons who visited him during the time he was falsely imprisoned.

**General Inconvenience:**  Def's caused plaint to suffer general inconvenience during his false incarceration because he was unable to properly deal with his business and personal life during this time.

Defs' caused plaint to lose a large insurance settlement award because of his false imprisonment.  Plaint was unable to attend a court trial scheduled for his pending insurance claim due to his false incarceration.  Plaint was forced to accept a nominal pecuniary settlement award, under protest, because he was incarcerated and unable to attend his insurance claim trial.  Plaint asks the court to ORDER defs' to compensate him for his pecuniary losses caused by his inability to attend his insurance claim trial, and ORDER a new trial convened within his insurance claim case.

Wherefore plaint prays the court will forthwith ORDER defs' to compensate him for the irreparable injuries he has suffered as a result of the claims of this complaint.

Dated: 4-13-2010

Respectfully Submitted

*Bill Guinn*

Mr. Bill Guinn
P. O. Box 181242
Denver, Co. 80218

19

**CERTIFICATE OF MAILING**

I, Mr. Bill Guinn, pro-se, litigant herein hereby certify that I have served the following listed persons with a true and correct copy of this 42 U. S. C. A. § 1983 Complaint through the Clerk of the U. S. District Court:

Lakewood Police Department;
Unknown Lakewood Police Officers.  **Address:** 445 S. Allison Parkway, Lakewood, CO. 80226.

Jefferson County District Attorney's Office;
Nancy Hooper, Jefferson County Deputy District Attorney.  **Address:** Jeffco. District Attorney's Office, 500 Jefferson County Parkway, Golden, CO. 80401.

Jefferson County Public Defender's Office;
Jeff Gillio, Jefferson County Assistant Public Defender.  **Address:** Office of the State Public Defender, 580 Golden Ridge Road, Suite 100, Golden, CO, 80410.

Jefferson County Probation Department;
Angela Jorgenson, Jefferson County Probation Officer.  **Address:** Jeffco. Probation Dept., 100 Jefferson County Parkway, Golden, CO. 80401, Suite 2070.

Jefferson County Combined Court's;
Phillip McNulty, Jefferson County District Court Judge;
Judge Arp, Jefferson County District Court Judge.  **Address:** Jeffco. Courthouse, 100 Jefferson County Parkway, Golden, Co. 80401.

Unknown Judiciary Officers;  **Address:** unknown.

Dated: 4-13-2010

Mr. Bill Guinn
P. O. Box 181242
Denver, Co. 80218

20