IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00827-WYD-CBS

BILL GUINN,

     Plaintiff,

v.

UNKNOWN LAKEWOOD POLICE OFFICERS,
LAKEWOOD POLICE DEPARTMENT,
NANCY HOOPER, Jefferson County Deputy District Attorney,
JEFFERSON COUNTY DISTRICT ATTORNEY'S OFFICE,
JEFF GILLIO, Jefferson County Assistant Public Defender,
JEFFERSON COUNTY PUBLIC DEFENDER'S OFFICE,
ANGELA JORGENSON, Jefferson County Probation Officer,
JEFFERSON COUNTY PROBATION DEPARTMENT,
PHILLIP MCNULTY, Jefferson County District Court Judge,
JUDGE ARP, Jefferson County District Court Judge,
JEFFERSON COUNTY COMBINED COURTS, and
UNKNOWN JUDICIARY OFFICERS,

     Defendants.

_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

     This civil action comes before the court on (1) "Defendants Jefferson County District Attorney's Office's and Jefferson County Deputy District Attorney Nancy Hooper's Motion to Dismiss" (filed April 28, 2010) (doc. # 4); and (2) "City of Lakewood's Motion to Dismiss" (filed May 4, 2010) (doc. # 11). Pursuant to the Order of Reference dated April 19, 2010 (doc. # 2) and the memoranda dated April 28, 2010 (doc. # 5) and May 5, 2010 (doc. # 12), these matters were referred to the Magistrate Judge. The court has reviewed the Motions, Mr. Guinn's Responses (filed May 17, 2010 and June 8, 2010) (docs. # 17 and # 23), Defendants' Replies (filed May 21, 2010 and June 21, 2010) (docs. # 19 and # 25), Mr. Guinn's "Response to Defendants' Reply Brief . . . " ("Surreply") (filed July 2, 2010) (doc. # 27), the pleadings, the entire case file, the oral arguments presented on July 23, 2010 (*see* Courtroom Minutes/Minute Order (doc. # 32)), and the applicable law and is sufficiently advised in the premises.

1

I.      Statement of the Case

Proceeding *pro se*, Mr. Guinn filed this lawsuit on April 13, 2010, alleging five claims against numerous Defendants under Title 42 U.S.C. § 1983 and § 1985.  (*See* Complaint (doc. # 1)).  Mr. Guinn's claims arise out of his arrest and subsequent conviction by plea of guilty to two misdemeanor offenses in Jefferson County, Colorado.  Mr. Guinn alleges that unknown Lakewood Police Officers arrested him on December 6, 2007 and charged him with the crimes of Menacing and Neglect of an At-Risk Victim.  (*See* Complaint at p. 5 of 20).  He subsequently accepted a plea bargain from the prosecutor, entered a plea of guilty to two misdemeanor charges of Neglect of an At-Risk Victim and a charge of violation of a protective order and was sentenced to two consecutive eighteen-month sentences. (*See* Complaint at pp. 5-6 of 20).  Mr. Guinn alleges: (1) a Fourth Amendment violation based on "unlawful false arrest and imprisonment," (2) a Fifth Amendment due process violation based on malicious prosecution and false imprisonment, (3) a Sixth Amendment violation and ineffective assistance of counsel, (4) an Eighth Amendment violation, and (5) Fourteenth Amendment due process and equal protection violations.   Mr. Guinn seeks compensatory damages in the amount of "one hundred million dollars" and punitive damages.  (*See* Complaint at pp. 14-19 of 20).


II.     Standard of Review

Without citing any Federal Rule of Civil Procedure, Defendants Jefferson County District Attorney's Office and Jefferson County Deputy District Attorney Nancy Hooper have moved to dismiss Mr. Guinn's claims against them based on Eleventh Amendment immunity, absolute prosecutorial immunity, the statute of limitations, and for failure to state a claim upon which relief can be granted.  The City of Lakewood has moved to dismiss Mr. Guinn's claims against it pursuant to Fed. R. Civ. P. 12(b)(6) as barred by the statute of limitations, as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and for failure to state

a claim for municipal liability.

Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."

> In reviewing a motion to dismiss, this court must look for plausibility in the complaint.  Under this standard, a complaint must include enough facts to state a claim to relief that is plausible on its face.  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

*Corder v. Lewis Palmer School Dist. No. 38*, 566 F.3d 1219, 1223-24 (10th Cir. 2009) (internal quotation marks and citations omitted).  The burden is on the plaintiff to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Because Mr. Guinn is appearing pro se, the court construes his pleadings and papers liberally, but the court's role is not to act as his advocate.  *Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).

III.    Analysis

Title 42 U.S.C. § 1983 provides a civil cause of action for individuals who are deprived of "any rights, privileges, or immunities secured by the Constitution and laws" by a person acting "under color of law."  *Adickes v. SH Kress & Co.*, 398 U.S. 144, 147, 150 (1970).  To assert his claims under § 1983, Mr. Guinn must allege a deprivation of a federal or constitutional right by a person acting under color of state law.  *Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 694 (10th Cir. 1988).

A.    Eleventh Amendment Immunity

It is not clear whether Mr. Guinn is suing Defendants in their individual capacities, their official capacities, or both.  To the extent that Mr. Guinn may be suing Defendant Jefferson County Deputy District Attorney Nancy Hooper in her official capacity, he is actually attempting to impose liability on her employer, the Jefferson County District

Attorney's Office.  *See Meade v. Grubbs*, 841 F.2d 1512, 1529 (10th Cir. 1988) ("[a] judgment against a public servant in his official capacity imposes liability on the entity he represents");  *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (suit against a state official in his or her official capacity is treated as a suit against the state);  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself").

The Eleventh Amendment provides: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  Defendants Jefferson County District Attorney's Office and Jefferson County Deputy District Attorney Nancy Hooper in her official capacity are "state agenc[ies] with the power to assert the defense of sovereign immunity under the Eleventh Amendment."  *Bragg v. Office of the District Attorney , Thirteenth Judicial District*, 704 F. Supp. 2d 1032, 1067 (D. Colo. 2009).  *See also Romero v. Boulder County DA's Office*, 87 Fed. Appx. 696 (10th Cir. 2004) ("the district attorney is a state officer under Colorado law.");  *Musick v. Pickering*, 2005 WL 2739028 (D. Colo. 2005) ("As an initial matter, it is abundantly clear that the District Attorney's Office and [Deputy District Attorney] in his official capacity enjoy Eleventh Amendment immunity from plaintiff's federal claims."). Thus, to the extent that Mr. Guinn is suing  Defendant Jefferson County District Attorney's Office and Jefferson County Deputy District Attorney Nancy Hooper in her official capacity for money damages, such a claim is properly dismissed as barred by the Eleventh Amendment.  *Edelman*, 415 U.S. at 663.


B.      Prosecutorial Immunity

"It is well established that prosecutors are absolutely immune from suit under section

1983 concerning activities 'intimately associated with the judicial . . . process,' such as initiating and pursuing criminal prosecutions." *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1489 (10th Cir.1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)). Prosecuting attorneys are absolutely immune from suit under § 1983 for decisions to prosecute, *Hammond v. Bales*, 843 F.2d 1320, 1321 (10th Cir. 1988); to not prosecute, *Dohaish v. Tooley*, 670 F.2d 934, 938 (10th Cir. 1982); and for any related investigatory or evidence gathering functions undertaken in connection with the prosecutorial function. *See Imbler*, 424 U.S. at 431 n. 33 (decisions entitled to immunity include "whether and when to prosecute[ ] [and] whether to dismiss" a case); *Scott v. Hern*, 216 F.3d 897, 909 (10th Cir. 2000) (prosecutor's immune conduct includes investigation, or lack thereof).

Mr. Guinn's allegations clearly indicate that he is suing Defendants Jefferson County District Attorney's Office and Jefferson County Deputy District Attorney Nancy Hooper pursuant to § 1983 for conduct while they were performing their professional duties in the course of a criminal investigation and prosecution. The actions alleged by Mr. Guinn are intimately associated with Defendants' role in charging and prosecuting him. All of the alleged actions implicate Defendants' exercise of professional judgment in the performance of prosecutorial duties  and therefore fall within absolute immunity. "Prosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court." *Nielander v. Board of County Com'rs.*, 582 F.3d 1155, 1164 (10th Cir.2009) (citation omitted). Under the applicable law, Mr. Guinn fails to state a claim for relief against Defendants Jefferson County District Attorney's Office and Jefferson County Deputy District Attorney Nancy Hooper under §1983.

C.     Claim One: Violation of Fourth Amendment

Mr. Guinn alleges false arrest, malicious prosecution, and conspiracy in violation of his Fourth Amendment rights.[1]  (*See* Complaint at pp. 7-9, 11 of 20).  Mr. Guinn seeks compensatory and punitive damages based on his December 6, 2007 arrest and resulting convictions.  Mr. Guinn alleges that he was charged with Menacing pursuant to Colo. Rev. Stat. § 18-3-206(1)(a)(b), a class five felony, and Neglect of an At-Risk Victim pursuant to Colo. Rev. Stat. § 18-6.5-103(6), a class one misdemeanor, with the "intent to coerce him into pleading guilty to the offense of neglect of an at-risk victim." (*See* Complaint at p. 8 of 20).  On or about August 18, 2008, while represented by counsel, Mr. Guinn entered a guilty plea to two misdemeanor charges of Neglect of an At-Risk Victim and a charge of violation of a protective order, including one of the charges for which he was arrested on December 6, 2007.

"The Tenth Circuit has recognized the viability of malicious prosecution claims under § 1983." *Mata v. Anderson*, 685 F. Supp. 2d 1223, 1249 (D.N.M. 2010) (internal quotation marks and citation omitted).  "To establish a malicious-prosecution claim under § 1983, a plaintiff must prove that the defendant initiated or continued a proceeding against him without probable cause." *Id.* (citation omitted).  "Unlike a false arrest or false imprisonment claim, malicious prosecution concerns detention only after the institution of legal process." *Id.* (citation omitted).  "In this context, a Fourth Amendment violation can exist only when a plaintiff alleges the legal process itself to be wrongful." *Id.* (citation omitted).

"Under Tenth Circuit case law, a § 1983 malicious prosecution claim includes the following elements: (i) the defendant caused the plaintiff's continued confinement or prosecution; (ii) the original action terminated in favor of the plaintiff; (iii) no probable cause

---

[1]     The Fourth Amendment provides that "the right of the people to be secure in their persons, houses, paper, and effects, against unreasonable searches and seizures, shall not be violated. . . ."  The protections of the Fourth Amendment are made applicable to the states through the Fourteenth Amendment. *Pierce v. Ohio Dept. of Rehabilitation and Corrections*, 284 F. Supp. 2d 811, 828 n. 16 (N.D. Ohio 2003).

supported the original arrest, continued confinement, or prosecution; (iv) the defendant acted with malice; and (v) the plaintiff sustained damages." *Mata*, 685 F. Supp. 2d at 1249 (citation omitted). A necessary component of a malicious prosecution action, therefore, is the termination of the prior criminal proceeding in favor of the accused. *See Heck v. Humphrey*, 512 U.S. 477, 484 (1994).

Mr. Guinn's § 1983 claim challenging his 2007 arrest and subsequent conviction is barred by the favorable termination rule first announced in *Heck*, 512 U.S. at 486-87 (holding that a section 1983 action seeking money damages is not cognizable if a favorable decision would "necessarily imply the invalidity of [a] conviction or sentence" unless such a sentence has previously been invalidated). In *Heck*, the United States Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance or a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486-7. "The purpose behind Heck is to prevent litigants from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Butler v. Compton*, 482 F. 3d 1277, 1279 (10th Cir. 2007) (citation omitted). "The starting point for the application of *Heck* then is the existence of an underlying conviction or sentence that is tied to the conduct alleged in the § 1983 action." *Id.* "In other words, a § 1983 action implicates Heck only as it relates to the conviction that it would be directly invalidating." *Id.*

Here, Mr. Guinn seeks money damages for police and prosecutor misconduct alleged to have resulted in his false arrest, as well as his unconstitutional prosecution, conviction and imprisonment. Mr. Guinn alleges that Defendants "conspired together to maliciously prosecute him, falsely imprison him, and deprive him of his 4th amend. const.

[sic] rights . . . based upon fabricated evidence, i.e. false, distorted, and perjurious [sic] testimony that defs' [sic] presented to investigatory, prosecutorial, and judicial forums . .. ." (*See* Complaint at pp. 9-10 of 20; see also p. 7 of 20 (the "criminal charges against him do not meet the elements of these offenses, in violation of his 4th amend. const. [sic] rights. . . ."); p. 13 of 20 (Defendants "falsely imprisoned him for criminal offenses he did not commit . . . .")). Mr. Guinn's allegations bear directly on the validity of his convictions. *See Wheeler v. Scarafiotti*, 85 Fed. Appx. 696, 2004 WL 37976 (10th Cir. Jan. 8, 2004) ("attempt to convince a jury that the officers falsified the very reports that led to [plaintiff's] conviction would cast doubt on that conviction").

Mr. Guinn argues that the criminal proceedings were terminated in his favor when the state agreed to drop the felony charge against him in return for his guilty plea to two misdemeanor charges and violation of a protective order. (*See* Complaint at p. 5 of 20). However, it is well settled that a guilty plea is not a termination in favor of the accused for purposes of a malicious prosecution claim. *See Posr v. Court Officer Shield # 207*, 180 F.3d 409, 418 (2d Cir. 1999) (internal quotation marks and citation omitted). A conviction for a crime cannot be considered a termination in favor of the accused, unless, for example, that conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Cf. Heck*, 512 U.S. at 486-87 (describing situations that render a conviction invalid). Mr. Guinn pled guilty to one of the crimes for which he was arrested on December 6, 2007. "[T]he favorable termination of some but not all individual charges does not necessarily establish the favorable termination of the criminal proceeding as a whole." *Kossler v. Crisanti*, 564 F.3d 181, 188 (3d Cir. 2009). It is rare that a defendant pleads guilty to every charge against him when there are multiple charges. The more logical approach is to consider as a total transaction whether the activity forming the basis for the arrest is the same as the activity to which the defendant pleaded guilty. *See, e.g., Franklin*

*v. Thompson*, 981 F.2d 1168, 1170 (10th Cir. 1992) ("plaintiff's misdemeanor convictions foreclose her from challenging the legality of her arrest in a subsequent civil action"); *Sealy v. Fishkin*, 1998 WL 1021470 (E.D.N.Y. Dec. 2, 1998) ("By pleading guilty to disorderly conduct, plaintiff necessarily acknowledged that he was engaged in some unlawful activity for which the police could properly take him into custody.").

To date, Mr. Guinn has not successfully challenged the underlying circumstances of his conviction by the proper assertion of a habeas corpus petition or otherwise. Thus, having failed to first obtain the favorable termination of his challenged conviction, the instant civil rights claim is necessarily barred by *Heck*, as such suit would constitute an impermissible collateral attack on the validity of his conviction and sentence. *See Burden v. Wood*, 200 Fed. Appx. 806, 807, 2006 WL 2949141, *1 (10th Cir. Oct. 17, 2006) (false arrest claim, in light of a conviction that has not been overturned on direct appeal or otherwise rendered invalid, cannot be maintained in light of *Heck*); *Duamutef v. Morris*, 956 F.Supp. 1112 (S.D.N.Y. 1997) (dismissing § 1983 claims of malicious prosecution, false arrest, perjury, First Amendment retaliation, and equal protection for failure to satisfy *Heck*).

Even assuming Mr. Guinn could meet the favorable termination element, another necessary component of a malicious prosecution action is the absence of probable cause. *See Hartman v. Moore*, 547 U.S. 250, 265-66 (2006) (plaintiff required to prove absence of probable cause for prosecution to support a claim for malicious prosecution brought pursuant to *Bivens*); *Mata*, 685 F. Supp. 2d at 1249 (citation omitted). Whether described as false imprisonment, false arrest, or malicious prosecution, Mr. Guinn's claims under the Fourth Amendment would all hinge on the same analysis: whether or not probable cause existed. *See Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir.1995) (constitutionality of a warrantless arrest is analyzed under probable cause standards). The Tenth Circuit has ruled that while the starting point for Fourth Amendment analysis may be analogous common law torts, the bottom line in such claims is whether there was probable cause.

*Grubbs v. Bailes*, 2006 WL 1086440, *2 (10th Cir. April 26, 2006).

The existence of probable cause to arrest constitutes justification and "is a complete defense to an action for false arrest," *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996), even if the conviction is the result of a guilty plea to a lesser charge than that for which plaintiff was arrested. *See Gouskos v. Griffith*, 122 Fed. Appx. 965, 972, 2005 WL 375858, *6 (10th Cir. 2005) ("Likewise, if the false arrest plaintiff is convicted in the criminal trial for the acts for which he was arrested, probable cause for his arrest is conclusively established and precludes a subsequent civil action for false arrest."); *Husbands v. City of New York*, 335 Fed. App'x. 124 (2d Cir. 2009) (existence of probable cause defeated plaintiff's claim for false arrest and malicious prosecution); *Feurtado v. Gillespie*, 2005 WL 3088327, at *6 (E.D.N.Y. Nov. 17, 2005) (an examination of the totality of the circumstances known to the officer at the time of arrest is not required if the plaintiff is convicted after trial on the underlying charge or if the plaintiff pleads guilty to the underlying or a lesser charge); *see also Roundtree v. City of New York*, 778 F.Supp. 614, 619 (E.D.N.Y. 1991) (section 1983 action for false arrest barred for plaintiff who had been arrested for possession of cocaine and pleaded guilty to disorderly conduct). Mr. Guinn's claims for false arrest and malicious prosecution fail because his guilty plea establishes probable cause.

As to Mr. Guinn's conspiracy claim, § 1985 outlaws various classes of conspiratorial activity. *Kush v. Rutledge*, 460 U.S. 719, 724 (1983). Section 1985 proscribes any conspiracy to: (1) prevent an officer from performing duties; (2) obstruct justice, or intimidate a party, witness or juror; and (3) deprive persons of rights or privileges. To the extent that Mr. Guinn alleges that Defendants "made an agreed upon conspiratorial concerted effort together to, maliciously prosecute him . . . ," (*see* Complaint at p. 9 of 20), his allegations are insufficient to state a conspiracy claim. *See, e.g., Crabtree By and Through Crabtree v. Muchmore*, 904 F.2d 1475, 1481 (10th Cir. 1990) ("[T]he rule is clear that allegations of conspiracy must provide some factual basis to support the existence of

the elements of a conspiracy: agreement and concerted action."). *See also Snell v. Tunnell*, 920 F.2d 673, 702 (10th Cir. 1990) ("The participants in the conspiracy must share the general conspiratorial objective . . . [t]o demonstrate the existence of a conspiratorial agreement it simply must be shown that there was a single plan, the essential nature and general scope of which [was] know[n] to each person who is to be held responsible for its consequences.") (internal quotation marks and citation omitted). Mr. Guinn has provided no facts to support even an inference that some plan or joint action existed between any of the Defendants. *See Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989) ("Because plaintiff failed to allege specific facts showing agreement and concerted action among defendants, the district court properly dismissed the conspiracy claim with prejudice."). Nor has Mr. Guinn alleged any racial or class-based discriminatory animus. *See Daigle v. Gulf State Utilities Co., Local No. 2286*, 794 F.2d 974, 978-79 (5th Cir. 1986) (§ 1985(2) and (3) require some class-based invidiously discriminatory animus behind conspirators' actions). Further, "an underlying unlawful act is necessary to prevail on a civil conspiracy claim." *Peterson v. Grisham*, 594 F. 3d 723, 730 (10th Cir. 2010). Without stating a claim for an actual deprivation of rights, Mr. Guinn cannot state a conspiracy claim. *See Dixon v. Lawton*, 898 F.2d 1443, 1449 (10th Cir. 1990) (In order to prevail on a § 1983 conspiracy claim, "a plaintiff must plead and prove not only a conspiracy, but also an actual deprivation of rights; pleading and proof of one without the other will be insufficient.").

Because Mr. Guinn pled guilty to at least one of the original charges, the existence of probable cause provides Defendants a complete defense to Claim One. As his guilty plea represents a termination of the case that was not in his favor, Claim One is also barred by the favorable termination rule of *Heck*. Mr. Guinn's Claim One for false arrest, malicious prosecution, and conspiracy in violation of the Fourth Amendment is properly dismissed for failure to state a claim upon which relief can be granted.

D.    Claim Two: Violation of Fifth Amendment Due Process

As to Mr. Guinn's Claim Two, the Fifth Amendment due process clause only protects against due process violations caused by federal government actors. There is no allegation in this civil action of any conduct by federal government actors. The jail where the events occurred is a county facility and the Defendants are all either state, county, or municipal employees. As none of the Defendants are subject to the due process clause of the Fifth Amendment, Mr. Guinn's Claim Two is properly dismissed for failure to state a claim for which relief can be granted.

E.    Claim Three:  Violation of Sixth Amendment Right to a Fair Trial and Effective Assistance of Counsel

Mr. Guinn brings Claim Three against Defendants Jefferson County Public Defender's Office and Jefferson County Assistant Public Defender Jeff Gillio. (*See* Complaint at pp. 12-13 of 20). Claim Three fails to state a claim for which relief can be granted.

"Plaintiffs alleging a violation of § 1983 must demonstrate they have been deprived of a right secured by the Constitution and the laws of the United States, and that the defendants deprived them of this right acting under color of law." *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008). However, the Supreme Court has stated that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). "[E]ven though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983." *Briscoe v. LaHue*, 460 U.S. 325, 329 n. 6 (1983). *See also Harris v. Champion*, 51 F.3d 901, 909-10 (10th Cir. 1995) (stating that "even if counsel performs what would otherwise be a traditional lawyer

function . . . so inadequately as to deprive the client of constitutional rights, defense counsel still will not be deemed to have acted under color of state law"). Mr. Guinn's Claim Three fails to state a claim for which relief can be granted against Defendants Jefferson County Public Defender's Office and Jefferson County Assistant Public Defender Jeff Gillio.

Next, § 1983 is not an appropriate remedy for a claim of ineffective assistance of counsel. Claims of ineffective assistance of counsel should be brought either on direct appeal in the criminal case or on habeas corpus review. Mr. Guinn's claim for ineffective assistance of counsel is not cognizable in this civil rights complaint.

Further, a judgment for damages in Mr. Guinn's favor on his claim for violation of his Sixth Amendment Right to a Fair Trial and ineffective assistance claim necessarily would imply the invalidity of his criminal convictions and sentence. *See Heck*, 512 U.S. at 486-87. *See Wallin v. Arapahoe County Detention Facility*, 244 Fed. Appx. 214, * 2 (10th Cir. July 27, 2007) (Because a judgment for damages in plaintiff's favor on his ineffective assistance claims necessarily would imply the invalidity of his criminal conviction or sentence, his § 1983 cause of action would not arise until his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ.). Mr. Guinn's convictions have not been reversed, expunged, or declared invalid. Claim Three is also properly dismissed under *Heck*, 512 U.S. 477.

F.      Claim Four: Violation of Eighth Amendment

Mr. Guinn alleges that Defendants' actions "deprived him of his well established 8th amend. const. [sic] right to be protected against imposition of cruel and unusual punishment." (Complaint at p. 13 of 20).

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend.

VIII.  The Eighth Amendment applies only to convicted inmates.  *See Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 809 (10th Cir. 1999) ("The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, prohibits the infliction of cruel and unusual punishments on those convicted of crimes.") (quoting *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991)).   "The Cruel and Unusual Punishments Clause was designed to protect those convicted of crimes, and consequently the Clause applies only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." *Whitley v. Albers*, 475 U.S. 312, 318-19 (1986) (internal quotation marks and citations omitted).  *See also City of Revere v. Massachusetts General Hosp.*, 463 U.S. 239, 244 (1983) ("the State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt . . ."); *accord Ingraham v. Wright*, 430 U.S. 651, 671-72 (1977).

Mr. Guinn contends that the punishment imposed after his conviction was cruel and unusual because he was falsely imprisoned "for criminal offenses he did not commit." (*Id.*). As Mr. Guinn's false imprisonment allegation is a consequence of his alleged false arrest, his claim for violation of his rights under the Eighth Amendment is thus based on Defendants' actions prior to his conviction.  For this reason, Mr. Guinn fails to state a cognizable claim under the Eighth Amendment.

"After incarceration, only the ' "unnecessary and wanton infliction of pain" ' . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Ingraham*, 430 U.S. at 670 (internal quotation marks and citations omitted).  The Eighth Amendment operates both to prohibit excessive sentences and to protect prisoners "from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996).  "[T]he protection afforded by the Eighth Amendment is limited." *Ingraham*, 430 U.S. at 669-70.  There are two primary requirements for proving an actionable violation of

the Eighth Amendment. First, an inmate must demonstrate that the deprivation suffered was "objectively," "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Second, the inmate must establish that prison officials had a sufficiently culpable state of mind in allowing the deprivation to take place. *Id.* at 302-03. The Complaint alleges no facts that might conceivably establish these elements. For this reason also, Claim Four fails to state a claim for violation of the Eighth Amendment.

G.    Claim Five: Fourteenth Amendment Due Process and Equal Protection

Mr. Guinn alleges violation of his due process and equal protection rights, incorporating the allegations set forth in Claim One regarding his liberty and property interests. (*See* Complaint at pp. 14-15 of 20).

1.    Due Process

The Tenth Circuit has "held that a plaintiff who claims that the government has unconstitutionally imprisoned him has at least two potential constitutional claims." *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). "The initial seizure is governed by the Fourth Amendment, but at some point after arrest, and certainly by the time of trial, constitutional analysis shifts to the Due Process Clause." *Pierce v. Gilchrist*, 359 F.3d 1279, 1285-86 (10th Cir. 2004). "If he has been imprisoned without legal process he has a claim under the Fourth Amendment analogous to a tort claim for false arrest or false imprisonment." *Mondragon*, 519 F.3d at 1082. "If he has been imprisoned pursuant to legal but wrongful process, he has a claim under the procedural component of the Fourteenth Amendment's Due Process Clause analogous to a tort claim for malicious prosecution." *Mondragon*, 519 F.3d at 1082. Section "1983 suits ultimately rest on the Constitution, not on state (or federal) common law." *Pierce*, 359 F.3d at 1285-88.

The Due Process Clause of the Fourteenth Amendment provides "nor shall any

State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, sec. 1. "The Supreme Court's interpretation of this clause explicates that the amendment provides two different kinds of constitutional protection: procedural due process and substantive due process." *McKinney v. Pate*, 20 F.3d 1550, 1555 (11th Cir. 1994). Mr. Guinn does not identify whether the alleged due process violation involves substantive or procedural due process rights. To demonstrate a procedural due process violation, a plaintiff must allege "(1) a constitutionally protected interest in life, liberty or property, (2) governmental deprivation of that interest, and (3) the constitutional inadequacy of procedures accompanying the deprivation." *Bank of Jackson County v. Cherry*, 980 F.2d 1362, 1366 (11th Cir. 1993). Substantive due process on the other hand, protects "fundamental rights," which are rights contemplated by the Constitution as "implicit in the concept of ordered liberty." *McKinney*, 20 F.3d at 1556. To the extent that Mr. Guinn is attempting to state a claim under the Due Process Clause of the Fourteenth Amendment, this clause does not provide him with a remedy.

Mr. Guinn's claims arise out of his arrest and subsequent guilty plea. "[N]o § 1983 claim will arise from filing criminal charges without probable cause under the substantive due process protections of the Fourteenth Amendment." *Becker v. Kroll*, 494 F.3d 904, 918 (10th Cir. 2007) (citing *Albright v. Oliver*, 510 U.S. 266 (1994)). *See also Graham v. Connor*, 490 U.S. 386, 388 (1989) (where a plaintiff's rights are protected by a specific provision of the Constitution, such as the Fourth Amendment, then a Fourteenth Amendment claim for substantive due process cannot be brought). Claims involving arrests and other "seizures" are governed by the Fourth Amendment, which secures the right against unreasonable seizures, and not the Fourteenth Amendment. *See Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the

guide for analyzing these claims.") (internal quotation marks and citation omitted).

Mr. Guinn has not alleged conduct by Defendants that is prohibited by some constitutional provision other than the Fourth Amendment. Mr. Guinn alleges the same facts in support of his Due Process and Fourth Amendment false arrest claims. The deprivations of which Mr. Guinn complains are protected under the Fourth Amendment and are thus properly analyzed under the reasonableness standard of the Fourth Amendment, rather than the Fourteenth Amendment. The court has previously found that Mr. Guinn has failed to state a claim under the Fourth Amendment. Mr. Guinn has not alleged how his due process rights are different from his Fourth Amendment rights. Mr. Guinn may not argue that due process entitled him to any process greater than that guaranteed by the Fourth Amendment. *See Micalizzi v. Ciamarra*, 206 F. Supp. 2d 564, 579 (S.D.N.Y. 2002) ("Claims arising from investigations for law-enforcement purposes, including a § 1983 claim premised on a person's arrest, are to be judged by the standards of the Fourth Amendment.") (citations omitted); *Uboh v. Reno*, 141 F.3d 1000, 1003 (11th Cir. 1998) (characterizing a malicious prosecution claim as being based on the Fourth rather than Fourteenth Amendment). Nor does Mr. Guinn state a claim for procedural due process under the Fourteenth Amendment. *See Becker*, 494 F.3d at 919 ("We find *Albright's* reasoning regarding substantive due process equally persuasive with regard to the Fourteenth Amendment's procedural component.").

Mr. Guinn's Fourteenth Amendment claim under Section 1983 as pled must be dismissed as said claim is redundant of the rights guaranteed by the more specific Fourth Amendment. To the extent that Mr. Guinn has identified the Fourteenth Amendment and due process as sources of applicable law for his alleged wrongful arrest and conviction, his claim is properly dismissed for failure to state a claim upon which relief can be granted.

2.      Equal Protection

The Equal Protection Clause requires that no state "deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. Amend. XIV.  The Equal Protection clause is triggered only when the government treats someone differently than another who is similarly situated. *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985).  *See also Hennigh v. City of Shawnee*, 155 F.3d 1249, 1257 (10th Cir. 1998) ("The allegation that a plaintiff was treated differently from those similarly situated is an essential element of an equal protection action.");  *Jacobs, Visconsi & Jacobs v. City of Lawrence*, 927 F.2d 1111, 1118-19 (10th Cir. 1991) (discussing "similarly situated" requirement of equal protection claim);  *Buckley Const., Inc. v. Shawnee Civic & Cultural Development Authority,* 933 F.2d 853, 859 (10th Cir. 1991) (complaint failed to allege "an element of intentional or purposeful discrimination" sufficient "to invoke the equal protection doctrine.").

Mr. Guinn makes no specific factual allegations in support of a claim for violation of his equal protection rights.  (*See* Complaint at pp. 13-14 of 20).  Mr. Guinn has not alleged an essential element of his equal protection claim: that he was intentionally treated differently than another who was similarly situated.  Mr. Guinn's equal protection claim is properly dismissed for failure to state a claim upon which relief can be granted.


H.      Municipal Liability

Mr. Guinn sues Defendant City of Lakewood pursuant to § 1983.  A municipality cannot be sued on a *respondeat superior* basis.  *Monell v. Department of Social Servs.*, 436 U.S. 658, 691 (1978).  Municipalities may be held liable under § 1983 only when a constitutional deprivation is inflicted pursuant to a government's policy or custom.  See *id.* at 690-91, 694 ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort.").

> [M]unicipal liability under § 1983 attaches where - and only where - a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question. Municipal liability may be based on a formal regulation or policy statement, or it may be based on an informal custom so long as this custom amounts to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage' with the force of law. Municipal liability may be also be based on the decisions of employees with final policymaking authority or the ratification by such final policymakers of the decisions-and the basis for them-of subordinates to whom authority was delegated subject to these policymakers' review and approval. Finally, municipal liability may be based on injuries caused by a failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

*Brammer-Hoelter v. Twin Peaks Charter Academy*, 602 F.3d 1175, 1188-89 (10th Cir. 2010) (internal quotation marks and citations omitted).

"[I]n *Monell* and subsequent cases, we have required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bryan County v. Brown*, 520 U.S. 397, 403 (1997) (citations omitted). "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Bryan County*, 520 U.S. at 403-04 (citation omitted).

> [I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

*Bryan County*, 520 U.S. at 404.

"[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). "[T]o establish liability on a failure to train claim under § 1983, plaintiffs 'must identify a failure to provide specific training that has a causal nexus with their injuries and must

demonstrate that the absence of that specific training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred.' " *Giles v. Davis*, 427 F.3d 197, 207 n. 7 (3d Cir. 2005) (quoting *Reitz v. County of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997). Thus, in order to succeed on such a claim, it must be proven that "the training deficiency actually caused the injury." *Reitz*, 125 F.3d at 145 (citing *City of Canton*, 489 U.S. at 391).

The Complaint contains no allegations of the City of Lakewood's involvement in Mr. Guinn's claims. Mr. Guinn does not allege the existence of any custom or policy or that the City of Lakewood's policies or customs were unconstitutional. Mr. Guinn has not alleged any pattern of violations of citizens' constitutional rights based on any City of Lakewood custom or policy. *See Bryan County*, 520 U.S. at 410-11. Mr. Guinn's allegations are insufficient to state a claim against the municipality under 42 U.S.C. § 1983. There is simply no direct causal link alleged between any action of the City of Lakewood and any constitutional violation. *See Hollingsworth v. Hill*, 110 F.3d 733, 742 (10th Cir. 1997). Moreover, the policy violation must demonstrate deliberate indifference to the rights of the Plaintiff. *City of Canton*, 489 U.S. at 388. Mr. Guinn has not alleged any deliberately indifferent conduct. In sum, Mr. Guinn does not sufficiently allege an official custom or policy to state a claim for violation of § 1983 by the City of Lakewood.

Nor does Mr. Guinn allege any facts to suggest specific deficiencies in supervision or training of City of Lakewood employees or officers. The Complaint is devoid of any factual averments that Mr. Guinn was injured by the City of Lakewood's deliberately indifferent failure to train or supervise its officers. A mere conclusory allegation that an officer is unsatisfactorily trained will not "suffice to fasten liability on the city." *City of Canton*, 489 U.S. at 390-91.

Further, because Mr. Guinn has failed to state a claim that his constitutional rights were violated, he cannot show that any policy or custom of the City of Lakewood caused

such a violation. *See Ricciuti v. New York City Transit Authority*, 124 F.3d 123, 132 (2d Cir. 1997) ("a claim of inadequate training and supervision under § 1983 cannot be made out against a supervisory body without a finding of a constitutional violation by the persons supervised") (citation omitted). In sum, Mr. Guinn fails to state a claim for relief against Defendant City of Lakewood.[2]


I.      Lack of Proof of Proper Service on Remaining Defendants

        Fed. R. Civ. P. Rule 4(m) provides in pertinent part

        [i]f a defendant is not served within 120 days after the complaint is filed, the
        court -- on motion or on its own after notice to the plaintiff -- must dismiss the
        action without prejudice against that defendant or order that service be made
        within a specified time. But if the plaintiff shows good cause for the failure,
        the court must extend the time for service for an appropriate period.

Defendants Unknown Lakewood Police Officers, Lakewood Police Department, Jeff Gillio, Jefferson County Public Defender's Office, Angela Jorgenson, Jefferson County Probation Department, Phillip McNulty, Judge Arp, Jefferson County Combined Courts, and Unknown Judiciary Officers ("Remaining Defendants") have been named in this case since the filing of the Complaint on April 13, 2010. As of this date, the 120-day period to effect service upon Defendants has expired. The Remaining Defendants have not filed with the Clerk of the Court signed waivers of service or appeared in the case.

        As no waivers of service have been filed with the court, Mr. Guinn must comply with

_____

        [2]     Mr. Guinn sues the Lakewood Police Department. The Lakewood Police
Department is a department of the City of Lakewood. Therefore, it is not a separate or
distinct entity from the City of Lakewood. *See generally*, Colo. Rev. Stat. §31-30-101.
Accordingly, Mr. Guinn's claims against the Lakewood Police Department are truly
claims against the City of Lakewood. *See Renalde v. City and County of Denver*, 807
F.Supp. 668, 675 (D. Colo. 1992) ("A police department is not a suable entity."); *Boren
v. Colorado Springs*, 624 F.Supp. 474, 479 (D. Colo. 1985) ("The city's police
Department is merely a vehicle through which the city government fulfills its policing
functions and is not a proper party defendant.") (citations omitted). Therefore, any claim
Mr. Guinn brings against the Lakewood Police Department is more appropriately
brought against the City of Lakewood and the Lakewood Police Department is properly
dismissed.

the service requirements of Fed. R. Civ. P. Rule 4, governing service on, *inter alia*, individuals, municipal corporations, and state-created governmental organizations. (*See* Fed. R. Civ. P. 4(e), (j)(2)). Pursuant to the Federal Rules of Civil Procedure, an individual may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). State law provides for personal service in Colorado:

> Upon a natural person whose age is eighteen years or older by delivering a copy thereof to the person, or by leaving a copy thereof at the person's usual place of abode, with any person whose age is eighteen years or older and who is a member of the person's family, or at the person's usual workplace, with the person's secretary, administrative assistant, bookkeeper, or managing agent; or by delivering a copy to a person authorized by appointment or by law to receive service of process.

C.R.C.P. 4(e)(1).

"A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:

> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2). Colorado law provides for service on, *inter alia*, a municipal corporation "by delivering copy thereof to the mayor, city manager, clerk, or deputy clerk," C.R.C.P. 4(e)(6), a county "by delivering a copy thereof to the county clerk, chief deputy, or county commissioner," C.R.C.P. 4(e)(7), and on "an officer, agent, or employee of the

state, acting in an official capacity, by delivering a copy thereof to the officer, agent, or employee and by delivering a copy to the attorney general." C.R.C.P. 4(e)(10)(A).

Mr. Guinn has submitted as proof of service on Defendants certified mail receipts from the United States Post Office. (*See* doc. # 33). Certified mail receipts do not comply with any method of service provided under the Federal Rules of Civil Procedure for these Defendants. More than 120 days has passed since Mr. Guinn filed the Complaint and the record before the court indicates that Mr. Guinn has not filed with the court proof of proper service on the Remaining Defendants. For failure to timely serve them, the Remaining Defendants may be dismissed without prejudice from this civil action. Mr. Guinn has not requested or shown good cause for any additional extension of time to properly serve the Remaining Defendants.

A court cannot obtain personal jurisdiction over a party without proper service of process. *See Murphy Brothers, Inc., v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.") (citation omitted); *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998) ("Effectuation of service is a precondition to suit . . . ."); *Oklahoma Radio Associates v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992) ("Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served") (citations omitted); *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991) ("A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant. Effective service of process is therefore a prerequisite to proceeding further in a case."). "[T]he serving party bears the burden of proving" the validity of service of process "or good cause for failure to effect timely service." *Systems Signs Supplies v. U.S. Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). *See also Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d

170, 174 (10th Cir. 1992) (stating plaintiff has burden of establishing validity of service of process). Mr. Guinn has not carried his burden of demonstrating that the Remaining Defendants have been properly served.

Pursuant to the Local Rules of Practice for the United States District Court for the District of Colorado, "[a] judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order." D.C. COLO. LCivR 41.1. "If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice." *Id.* Should this civil action not be dismissed for the reasons set forth in this Recommendation, the Magistrate Judge will, as necessary at a later stage of the litigation, order Mr. Guinn to show cause in writing why this civil action should not be dismissed for failure to timely serve the Remaining Defendants, failure to prosecute this civil action, and failure to comply with the Local Rules of Practice for the United States District Court for the District of Colorado and the Federal Rules of Civil Procedure.

Accordingly, IT IS RECOMMENDED that:

1. "Defendants Jefferson County District Attorney's Office's and Jefferson County Deputy District Attorney Nancy Hooper's Motion to Dismiss" (filed April 28, 2010) (doc. # 4) be GRANTED and Defendants Jefferson County District Attorney's Office and Jefferson County Deputy District Attorney Nancy Hooper be dismissed from this civil action as follows:

a. Mr. Guinn's claims for money damages against Defendants Jefferson County District Attorney's Office and Jefferson County Deputy District Attorney Nancy Hooper in her official capacity be dismissed as barred by the Eleventh Amendment.

b. All of Mr. Guinn's claims against Defendants Jefferson County District

Attorney's Office and Jefferson County Deputy District Attorney Nancy Hooper be dismissed as barred by prosecutorial immunity.

2.  "City of Lakewood's Motion to Dismiss" (filed May 4, 2010) (doc. # 11) be GRANTED and Defendant City of Lakewood be dismissed from this civil action for failure to state a claim for relief for municipal liability.

3.  Defendant Lakewood Police Department be dismissed, as Mr. Guinn's claims are more properly brought against the City of Lakewood.

4.  All five of Mr. Guinn's claims and the Complaint be dismissed for failure to state a claim for which relief can be granted as a matter of law.[3]

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate

---

[3]  In light of its analysis of the claims and the Complaint, the court at this time does not reach Defendants' additional argument for dismissal based on the statute of limitations.

judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 30th day of September, 2010.

BY THE COURT:


   s/Craig B. Shaffer        
United States Magistrate Judge