IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  10-cv-00827-WYD-CBS

MR. BILL GUINN,

    Plaintiff,

v.

UNKNOWN LAKEWOOD POLICE OFFICERS;
LAKEWOOD POLICE DEPARTMENT;
NANCY HOOPER, Jefferson county Deputy District Attorney;
JEFFERSON COUNTY DISTRICT ATTORNEY'S OFFICE;
JEFF GILLIO, Jefferson County Assistant Public Defender;
JEFFERSON COUNTY PUBLIC DEFENDER'S OFFICE;
ANGELA JORGENSON, Jefferson County Probation Officer;
JEFFERSON COUNTY PROBATION DEPARTMENT;
PHILLIP MCNULTY, Jefferson County District Court Judge;
JUDGE ARP, Jefferson County District Court Judge;
JEFFERSON COUNTY COMBINED COURT'S; and
UNKNOWN JUDICIARY OFFICERS,

    Defendants.

**ORDER ADOPTING AND AFFIRMING
MAGISTRATE JUDGE'S RECOMMENDATION**

THIS MATTER is before the Court in connection with Defendants Jefferson County District Attorney's Office's and Jefferson County Deputy District Attorney Nancy Hooper's Motion to Dismiss, filed April 28, 2010 [ECF No. 4], and the City of Lakewood's Motion to Dismiss, filed May 4, 2010 [ECF No. 11].  The motions were referred to Magistrate Judge Shaffer for a recommendation by Order of Reference dated April 19, 2010.  A Recommendation of United States Magistrate Judge was

issued on September 30, 2010 [ECF No. 34], and is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  Magistrate Judge Shaffer recommends therein that Defendants' motions be granted.

By way of background, I note that Plaintiff initiated this lawsuit on April 13, 2010 asserting five claims against numerous Defendants under 42 U.S.C. §§ 1983 and 1985. His claims arise out of his arrest and subsequent conviction by plea of guilty to two misdemeanor offenses in Jefferson County, Colorado.  *Recommendation* at 2.

With respect to Defendant Jefferson County District Attorney's Office and Jefferson County Deputy District Attorney Nancy Hooper, Magistrate Judge Shaffer recommends that:  (1) to the extent Plaintiff is suing Defendant Jefferson County District Attorney's Office and Jefferson County Deputy District Attorney Nancy Hooper in her official capacity for money damages, such claims are barred by the Eleventh Amendment; and (2) based on the doctrine of prosecutorial immunity, Plaintiff fails to state a claim for relief against Defendants Jefferson County District Attorney's Office and Jefferson County Deputy District Attorney Nancy Hooper under § 1983. *Recommendation* at 3-5.  Next, Magistrate Judge Shaffer recommends that Plaintiff's first claim for false arrest, malicious prosecution, and conspiracy in violation of his Fourth Amendment rights be dismissed for failure to state a claim under the rule announced in *Heck v. Humphrey*, 512 U.S. 477, 484 (1994), and his failure to allege the elements of a conspiracy claim.  *Recommendation* at 6-12.  As to Plaintiff second claim for violation of his Fifth Amendment due process rights, Magistrate Judge Shaffer recommends that this claim be dismissed because none of the Defendants are subject

to the due process clause of the Fifth Amendment.  *Recommendation* at 12.  Magistrate Judge Shaffer recommends that Plaintiff's third claim for violation of his Sixth Amendment Right to a Fair Trial and Effective Assistance of Counsel be dismissed for failure to state a claim and under the *Heck* doctrine.  *Recommendation* at 12-13.  As for Plaintiff's fourth claim for violation of his Eighth Amendment rights, Magistrate Judge Shaffer found that Plaintiff failed to allege facts sufficient to give rise to an Eighth Amendment violation.  *Recommendation* at 13-15.  Regarding Plaintiff's fifth claim for relief for Fourteenth Amendment Due Process and Equal Protection violations, Magistrate Judge Shaffer recommends (1) that Plaintiff's due process claims be dismissed based on Plaintiff's failure to allege how his due process rights are different from the allegations in his Fourth Amendment claim; and (2) that Plaintiff's equal protection claim be dismissed based on his failure to allege facts in support of this claim.  *Recommendation* at 15-18.

In addition, Magistrate Judge Shaffer recommends that Plaintiff's claims against the City of Lakewood for municipal liability under § 1983, be dismissed based on Plaintiff's failure to allege the existence of any unconstitutional policy or custom or facts to suggest specific deficiencies in supervision or training of City of Lakewood employees or officers.  *Recommendation* at 18-21.

Finally, Magistrate Judge Shaffer notes that more than 120 days have passed since Plaintiff filed his Complaint, and the record indicates that Plaintiff has not filed proof of service on Defendants Unknown Lakewood Police Officers, Lakewood Police Department, Jeff Gillio, Jefferson County Public Defender's Office, Angela Jorgenson,

Jefferson County Probation Department, Philip McNulty, Judge Arp, Jefferson County Combined Courts, and Unknown Judiciary Officers (collectively referred to herein as "Remaining Defendants"). Based on Plaintiff's failure to timely serve the Remaining Defendants, or request any additional extension of time to properly serve them, Magistrate Judge Shaffer recommends that they be dismissed from this action without prejudice. *Recommendation* at 21-24.

Magistrate Judge Shaffer advised the parties that specific written objections were due within fourteen (14) days after being served with a copy of the Recommendation. *Recommendation* at 25. Despite this advisement, no objections were filed by any party to the Magistrate Judge's Recommendation. No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1] *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record. I agree with Magistrate Judge Shaffer that Defendants

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a *de novo* review, Fed. R. Civ. P. 72(b).

Jefferson County District Attorney's Office and Jefferson County Deputy District Attorney Nancy Hooper's Motion to dismiss should be granted, that the City of Lakewood's motion to dismiss should be granted, and that all five of Plaintiff's claims and the Complaint be dismissed for failure to state a claim for which relief can be granted.  Accordingly, it is hereby

ORDERED that the Recommendation of United States Magistrate Judge dated September 30, 2010 [ECF No. 34], is **AFFIRMED and ADOPTED**.  In accordance therewith, it is

ORDERED that Defendants Jefferson County District Attorney's Office's and Jefferson County Deputy District Attorney Nancy Hooper's Motion to Dismiss, filed April 28, 2010 [ECF No. 4], and the City of Lakewood's Motion to Dismiss, filed May 4, 2010 [ECF No. 11] are **GRANTED** and the Complaint is **DISMISSED** in its entirety.

Dated:  November 16, 2010

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
Chief United States District Judge